**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE MANUEL VIDAL,

    Petitioner,

v.                                                             No. CV 11-0710 JC/WDS
                                                                           CR 09-1464 JC

ERIC HOLDER, UNITED STATES
ATTORNEY GENERAL, ET AL.,

    Respondents.

MEMORANDUM OPINION AND ORDER OF DISMISSAL

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Petitioner's Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 (CV Doc. 1; CR Doc. 51) (the "petition"). Petitioner was convicted in this Court of drug charges (CR Doc. 47) and is serving his sentence in New Mexico. He is not an American citizen. The petition alleges that the Court sentenced Petitioner without considering his status as a deportable alien. Also, because of Petitioner's status, the Bureau of Prisons ("BOP") considers him ineligible for certain pre-release custody programs.

       The petition's central allegation is that Immigration and Customs Enforcement ("ICE") has lodged a detainer against Petitioner, thus subjecting him to continuing custody and removal proceedings when his criminal incarceration ends. Although the title of Petitioner's petition seeks reduction of his criminal sentence, in his "Conclusion" he asks for equitable relief against immigration authorities. He seeks an order directing immigration officials to allow him, while incarcerated, to complete paperwork that will expedite his removal, thus preventing or reducing post-sentence custody. The Court now considers Petitioner's claims underlying both of his

apparently alternative requests for relief.

First, as to Petitioner's criminal sentence, the relief he seeks, if available, may be pursued in a petition under § 2241.  *Cf.* 18 U.S.C. § 3582(c) (prohibiting modification of sentence except under specific statutory authorization); *United States v. Soto-Holguin*, 163 F.3d 1217, 1220 (10th Cir. 1999); *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) ("We have explained that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so.' ") (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)). Here, even if § 2241 provides Petitioner an appropriate procedural avenue, the Court of Appeals for the Tenth Circuit has rejected his substantive claims against both the imposition and the execution of his sentence.

> [Petitioner's] request for a downward departure based on the "collateral consequences" of his status as a deportable alien has been foreclosed.
> . . . .
>     . . . "[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." . . . We agree . . . [that] there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement.

*United States v. Tamayo*, 162 F. App'x 813, 815, 816 (10th Cir. 2006) (internal citations omitted). Under the Tenth Circuit's decision in *Tamayo*, Petitioner's allegations do not state claims for relief against his sentence, and under 28 U.S.C. § 2254 R. 1(b), 4, the Court will dismiss these claims.

Alternatively, Petitioner seeks judicial relief against ICE officials' discretionary decision whether to expedite his removal proceedings.

> [T]he Attorney General (and, in turn, the INS, as her designee) has broad discretion in deciding, administratively, whether and when to pursue deportation against an alien.  The Attorney General's "responsibility in this regard is akin to his responsibility for enforcing the criminal laws: in both situations, he has discretion

2

>   to refrain from instituting proceedings even though grounds for their commencement may exist." An alien illegally in the United States cannot force the Attorney General's hand by the simple expedient of calling attention to his status and demanding immediate action.

*Costa v. I.N.S.*, 233 F.3d 31, 37 (1st Cir. 2000) (citations omitted). "An attack on such a discretionary decision is outside the scope of habeas review in § 2241 petitions." *Soler-Somohano v. Gonzales*, 130 F. App'x 298, 300 (11th Cir. 2005) (citing *Cadet v. Bulger*, 377 F.3d 1173, 1184 (11th Cir. 2004) (noting that habeas review of administrative exercise of discretion is impermissible)); *and cf. Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Under these rules, Petitioner is not entitled to relief, *see* 28 U.S.C. § 2254 R. 1(b), 4, and the Court will dismiss the petition with prejudice. This dismissal is without prejudice, however, to Petitioner's rights in administrative removal proceedings or in prosecuting claims cognizable under § 2241. *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Petitioner's Motion For Adjustment Of Sentence Pursuant To A Habeas Petition 28 U.S.C. § 2241 (CV Doc. 1; CR Doc. 51) is DISMISSED with prejudice; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE